# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CHARLES I. WILSON, Jr.**                                                                    **PETITIONER**

VS.                 **CASE NO.: 5:16-CV-20-JM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                     **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**     **Background**

In 2010, a jury in the Sebastian County Circuit Court found petitioner Charles I. Wilson, Jr. guilty of delivery of a controlled substance. On May 19, 2010, the trial court entered a judgment sentencing Mr. Wilson as a habitual offender to forty years'

imprisonment, followed by a 20-year suspended sentence.[1]  (docket entry #8-3, pp. 63-66)  Mr. Wilson appealed, but the Arkansas Court of Appeals affirmed his conviction on May 25, 2011.  *Wilson v. State*, 2011 Ark.App. 382.  The mandate issued on June 14, 2011.  Mr. Wilson filed a motion to recall the mandate as well as other motions, which the court denied.  (#8-8, #8-11, #8-12, #8-13)

On October 21, 2011, Mr. Wilson filed a Rule 37 petition with the trial court.  (#8-7, pp. 15-24)  The trial court dismissed the petition as untimely.  (#8-7, p. 27)  Mr. Wilson appealed, but the Supreme Court of Arkansas dismissed the appeal on May 10, 2012.  *Wilson v. State*, 2012 Ark. 206.

On April 22, 2014, Mr. Wilson filed an application for writ of error coram nobis in the Supreme Court of Arkansas.  (#8-8)  In the application, Mr. Wilson requested the court reinvest jurisdiction in the trial court.  The Supreme Court of Arkansas declined Mr. Wilson's request and denied his application.  (#8-11)

On January 20, 2016, Mr. Wilson filed the pending federal petition for writ of habeas corpus.  (#2)  Respondent, Director Wendy Kelley, filed a response arguing that the petition is time-barred.  (#8)  Mr. Wilson has replied.  (#9)  For the reasons explained

---

[1] The 60-year sentence (with 20 suspended) was the result of Mr. Wilson selling 0.01407 grams of cocaine (equivalent to about one-tenth of a packet of "Sweet'N Low") to an informant.  *Wilson v. State*, 2011 Ark.App. 382.  (#8-7, p. 18)  Mr. Wilson's serious criminal history obviously played a role in the sentence as well.

below, the Court will recommend that Judge Moody DISMISS Mr. Wilson's petition, with prejudice.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). Mr. Wilson used the state appeals process by appealing to the Arkansas Court of Appeals, but did not seek review in the Arkansas Supreme Court – a prerequisite for review by the Supreme Court of the United States. See *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009) (Supreme Court review is limited to judgments of a state court of last resort, or a lower state court if the state court of last resort has denied discretionary review).

When a petitioner, like Mr. Wilson here, appeals a conviction to the intermediate State appellate court, but does not seek review in a State's highest court, the judgment becomes final on the date that the time for seeking such review expires. *Gonzales v. Thaler*, 132 S.Ct. 641, 653-654 (2012).

The Arkansas Court of Appeals affirmed Mr. Wilson's conviction on May 25, 2011. *Wilson v. State*, 2011 Ark.App. 382. He then had 18 days to petition the Supreme Court of Arkansas for review, but he did not do so. Because Mr. Wilson did not seek review from the Supreme Court of Arkansas, the one-year limitations period began to run no later than June14, 2011, the day after his time to seek review in the State's highest court expired.[2] Mr. Wilson waited to file the pending petition until January 20, 2016 – more than four years after his conviction became final. Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

A. *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). But only a timely filing is considered "properly filed." *Pace v.*

---

[2] The Arkansas Court of Appeals issued its opinion on May 25, 2011. A defendant has 18 calendar days from the date of decision to petition the Supreme Court of Arkansas for review. Ark.Sup.Ct. R. 2-4(a). When, as here, the last day for filing falls on a weekend, the time is extended to the next business day. ARK.R.APP.P.CRIM. R. 17. The time to petition for review extended to Monday, June 13, 2011, and the limitations period began to run the following day, June 14, 2011.

*DiGuglielmo*, 125 S.Ct. 1807, 1814, 544 U.S. 408, 417 (2005). Mr. Wilson's Rule 37 petition was untimely, so it did not toll the limitations period. *Id*.

Mr. Wilson filed a number of additional State postconviction petitions and motions. None of these State postconviction petitions or motions tolled the limitations period, however, because the limitations period had already expired. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court or the date a factual predicate of a claim could have been discovered. 28 U.S.C. § 2244(d)(1)(C)-(D). Those exceptions, however, do not aid Mr. Wilson's cause. Although he appears aware of these exceptions, Mr. Wilson does not raise a plausible basis for either. He does not identify a factual predicate for his claims. Further, the Supreme Court recognized the constitutional rights associated with Mr. Wilson's claims decades before his trial.[3]

Based on the record, Mr. Wilson is not entitled to statutory tolling. Accordingly, his petition is barred unless it can be saved by equitable tolling.

---

[3] Mr. Wilson brings claims of ineffective assistance of counsel and a due process violation for withholding of exculpatory evidence. (#2) These are well established constitutional rights. See *Strickland v. Washington*, 104 S.Ct. 2052, 466 U.S. 668 (1984); *Brady v. Maryland*, 83 S.Ct. 1194, 373 U.S. 83 (1963).

B.  *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

The record shows that Mr. Wilson did not pursue his rights diligently. Although he filed several motions, applications, and appeals, Mr. Wilson waited almost five years to file this federal habeas petition. That is not the level of diligence required for equitable tolling.

Mr. Wilson has not identified any impediment to filing a federal petition. He states that neither his trial nor direct-appeal counsel informed him that he could lodge a federal challenge. (#9, p. 3) But neither pro se status nor a lack of legal knowledge warrants equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Mr. Wilson appears to claim an unspecified factual predicate existed, but it is not clear what that might be. (#9, p. 5) Finally, Mr. Wilson argues that ineffective assistance of his counsel was an extraordinary circumstance that stood in his way of filing a timely petition. (#9 p. 8) Mr. Wilson, however, has no constitutional or statutory right to

counsel to pursue a federal habeas petition. His right to counsel ended a year before the limitations period for this filing lapsed.

Mr. Wilson fails to note any circumstance, much less an extraordinary circumstance, that prevented him from filing this federal habeas petition sooner. Accordingly, Mr. Wilson is not entitled to equitable tolling.

C.     *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found guilt beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a petition are considered in determining whether a petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

In this case, Mr. Wilson has not presented an actual-innocence claim in either his petition or his reply.[4] (#2 and #9) Accordingly, the record does not provide any basis for a finding of actual innocence.

---

[4] Director Kelley cites Mr. Wilson's only plausible assertion of actual innocence. (#8, p. 7; #2, p. 3) While Mr. Wilson mentions potentially exculpatory evidence, he does not make a legally sufficient claim of actual innocence. (#2, p. 3)

**IV.     Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Wilson has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Wilson has not provided any basis for issuing a certificate of appealability.

**V.     Conclusion**

Mr. Wilson's petition is time-barred.  For that reason, the Court recommends that Judge Moody dismiss the pending petition for writ of habeas corpus, with prejudice.  And because there is no substantial showing that Mr. Wilson was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 13th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE